FILED

DEC 20 2017

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TOBY RENNER,<br><br>Defendant. | CR 07–47–BU–DWM–1<br><br>ORDER |

Defendant Toby Renner's Motion for Early Termination of Supervised Release is now before the Court. (Doc. 92.) In December 2007, the defendant was part of a two-count, two-defendant indictment in which he was charged with receipt (Count I) and possession (Count II) of child pornography, see 18 U.S.C. § 2252A(a)(2), (a)(5)(B). (Doc. 1.) In September 2008, he pled guilty to possession (Count II), (see Doc. 53), and in January 2009, he was sentenced to 12 months and one day custody with ten years of supervised release to follow. (Judg., Doc. 71.) The defendant began his ten-year term of supervision on January 15, 2010. (Doc. 93 at 2.) The defendant has completed approximately eight years of that term.

Because the defendant has completed at least one year of his supervisory

1

term, the Court has authority to terminate the remainder of his term early "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Although a defendant seeking early termination is not required to show undue hardship, *id.*, "[m]ere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination," *United States v. Grossi*, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011). The defendant bears the burden of showing early termination is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

The defendant seeks early termination on various grounds. The defendant makes a number of policy arguments, including that terminating his supervision could save the Judiciary money, (Doc. 93 at 5), and could better secure community safety, (*id.* at 6). The defendant ignores the many and varied resources provided by the United States Probation Office in a continual effort to help supervisees and protect the community. Saving money, at least on this front, is simply not the point. The defendant further argues that the "collateral consequences" of his

felony conviction are far-reaching. However, those consequences are primarily relevant to the defendant's status as a "felon," not as a "felon on supervision." Even if his supervised release were terminated, he would still face almost all of these restrictions, including being barred from possessing a firearm, 18 U.S.C. § 922, or serving on a federal grant or petit jury, 28 U.S.C. § 1865(b)(5). Additionally, the defendant's obligation to register as a sex offender does not end with the termination of his supervision. Although the defendant is correct that his status a felon has far-reaching consequences, *see Nat'l Inventory of Collateral Consequences of Conviction* (https://niccc.csgjusticecenter.org), those consequences have little to do with his continued supervision.[1]

The defendant maintains however, that he has been punished enough, especially when considering the collateral consequences of his conviction. However, the defendant received a substantial break at his sentencing. The defendant's advisory guideline range was 70 to 87 months, with both a statutory

---

[1] The defendant also cites to the Judicial Conference Committee on Criminal Law, which recognizes a presumption in favor of early termination for defendants who had (1) been on supervision for at least 18 months; (2) were not career or violent drug offenders, sex offenders, or terrorists; (3) presented no identifiable risk to the public or to victims; and (4) had no moderate or high severity violations. *Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10. But, the defendant *is* a sex offender; thus, to the extent it provides persuasive authority, the presumption does not apply.

3

and an advisory supervision period of five years to life. (Sntg. Tr., Doc. 84 at 5-6.) In imposing a term of supervision, the Sentencing Guidelines further recommend "the statutory maximum term of supervised release" be imposed in sex offense cases. USSG § 5D1.2(b). At sentencing, the Court considered the factors outlined by 18 U.S.C. § 3553(a) and determined that the advisory guideline range was "far in excess of what is necessary to provide a sufficient but not greater than necessary sentence" in this case. (Sntg. Tr., Doc. 84 at 18.) The Court weighed the benefits of a lengthy period of incarceration as compared to the opportunity for treatment "served in the community." (*Id.* at 21.) As the Court further explained:

> [His s]entencing guideline range, as I said, is 70 to 87 months, which potentially has lifetime supervised release. And that supervised release is the factor that, I think, balances out, given a sentence of incarceration that is significantly less than the 70 months but maintains the ability of the Court to monitor his activities and to ensure that he is not going to engage in this kind of behavior in the future.

(*Id.* at 24.) The defendant was therefore given a significant break in his custodial sentence on the grounds that he would spend time on supervision "with significant conditions." (*Id.* at 25.)

Moreover, as acknowledged by the defendant, the defendant's term of supervision has not been without incident. While he has done well in many respects, he has failed to do so in others. In particular, the defendant's breach of

4

the Court's trust is documented in his March 2012 Report of Offender Under Supervision, where he was found to have had two laptop computers in his possession and have accessed pornographic images through those computers. (Doc. 85.) Additionally, the government identifies other areas in which the defendant's performance on supervision has been less than satisfactory, including failing to turn in monthly reports and failing to disclose a romantic relationship. (Doc. 95.) The defendant's conduct while on supervision suggests that the 10-year period of supervision initially imposed remains appropriate.

Having considered the factors in 18 U.S.C. § 3553(a), the defendant's conduct, and the defendant's arguments, the Court is not satisfied that early termination is warranted by "the interest of justice." 18 U.S.C. § 3583(e)(1). Accordingly, IT IS ORDERED that the defendant's motion (Doc. 92) is DENIED.

Dated this 20th day of December, 2017.

Donald W. Molloy, District Judge
United States District Court